UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:18-cr-106-TRM-SKL-7 |
| v. ) | |
| ) | |
| ) | |
| ALOGA OGWIGI ) | |

REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on March 25, 2019. At the hearing, defendant moved to withdraw his not guilty plea to Counts Three and 22 of the 22-count Indictment and entered a plea of guilty to the lesser included offense of the charge in Count Three, that is of conspiracy to distribute less than 50 kilograms of marihuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(D) in exchange for the undertakings made by the government in the written plea agreement [Doc. 117]. On the basis of the record made at the hearing, I find the defendant is fully capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights waived by defendant; the plea is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; the defendant understands the nature of the charge and penalties provided by law; and the plea has a sufficient basis in fact.

Therefore, I **RECOMMEND** defendant's motion to withdraw his not guilty plea to Counts Three and 22 of the Indictment be granted, his plea of guilty to the lesser included offense of the charge in Count Three of the Indictment, that is of conspiracy to distribute less than 50 kilograms of marihuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(D) in exchange for the undertakings made by the government in the written plea agreement be accepted, the Court

adjudicate defendant guilty of the lesser included offense of the charge in Count Three of the Indictment, that is of conspiracy to distribute less than 50 kilograms of marihuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(D) in exchange for the undertakings made by the government in the written plea agreement, and a decision on whether to accept the plea agreement be deferred until sentencing. The charge to which defendant is pleading guilty does not mandate detention under Title 18 U.S.C. § 3143(a)(2). The government did not oppose Defendant remaining released on bond with conditions of release until sentencing in this matter [Doc. 149]. I further **RECOMMEND** Defendant remain on bond until sentencing in this matter. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen days after the plea hearing. Failure to file objections within fourteen days constitutes a waiver of any further right to challenge the plea of guilty in this matter. See 28 U.S.C. §636(b).